UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDITH MAE MAY,<br><br>                    Plaintiff,<br>v.<br><br>NAPH CARE MEDICAL SERVICES, NAPH CARE MEDICAL SERVICES INSURANCE CO., KATHLEEN SUMMERS, SUMMERS INSURANCE CO. NAPH CARE, VICTORIA REGISTERED NURSE NAPH CARE, NAPH CARE INSURANCE CO., KENOSHA SHERIFF DEPARTMENT, KENOSHA COUNTY SHERIFF, CITY OF KENOSHA, KENOSHA COUNTY, and KENOSHA COUNTY JAIL,<br><br>                    Defendants. | Case No. 23-CV-1358-JPS<br><br>**ORDER** |

      Plaintiff Edith Mae May, an inmate confined at Taycheedah Correctional Institution ("TCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights by denying her medical care. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion for an order to stop federal PLRA payments from trust account, as well as screens her complaint.

1.     **FILING FEE PAYMENTS**

      First, the Court will grant Plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 5. The Prison Litigation Reform Act

("PLRA") applies to this case because Plaintiff was a prisoner when she filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On November 2, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $11.67. ECF No. 8. Following multiple extensions, Plaintiff paid that fee on December 29, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 5. She must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

Second, the Court will deny Plaintiff's motion for an order to stop federal PLRA payments from trust account, ECF No. 14. Plaintiff's motion was premature because the Court had yet to order any payments in this case to be made, and the Court will deny it on that basis. However, the Court notes that it is not likely to grant any future request to stop filing fee payments in this case or others. Congress enacted §1915(b)(2) as part of the Prison Litigation Reform Act (PLRA) "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). By way of context, Plaintiff is a frequent litigator, having filed more than thirty-five cases since 2013. "The PLRA is designed to require the prisoner to bear some marginal cost for each legal activity. Unless payment begins soon after the event that creates the

liability, this will not happen." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations[1]

At all times relevant to the complaint, Plaintiff was a detainee on a probation hold at Kenosha County Jail ("KCJ"). ECF No. 1 at 4–5. Plaintiff suffers from chronic restless leg syndrome ("RLS") and takes Parkinson's medication twice a day for it. *Id.* at 5. On January 25, 2023, Plaintiff was booked into KCJ. KCJ had medical records for Plaintiff at the time. *Id.* Plaintiff told a nurse she needed her Parkinson's medication for her restless leg problem. *Id.* Plaintiff told every nurse she saw at medication pass (at least six nurses) that she needed her medication. *Id.* at 5–6. They all said they would look into it and gave her an excuse. *Id.* at 6.

On April 14, 2023, Plaintiff went to TCI for programming and got her RLS medication. *Id.* Plaintiff came back to KCJ on July 26, 2023, with her Parkinson's medication. *Id.* Plaintiff asked for her medication, but they would not give it to her. *Id.* They made excuses that her transfer paperwork was lost, and they needed to get it approved by Defendant N.P. Summers ("Summers"). *Id.* Plaintiff was going through withdrawal for not having her RLS medication. *Id.* Plaintiff started falling asleep while standing up and falling and hurting herself. *Id.* at 7. On July 28, 2023 and July 29, 2023, Plaintiff told every nurse and officer but no one took any action. *Id.* Plaintiff

---

[1] The Court notes that Plaintiff's handwriting is at times very difficult to read. It has used its best judgment and efforts to decipher Plaintiff's allegations.

hurt her left and right wrist, left shoulder, left leg, groin area, back, and neck. *Id.*

Finally, on August 2, 2023, Plaintiff saw Summers in the hallway for an examination of her right wrist. *Id. S*ummers said that she did not see anything wrong with the wrist but that she would get it X-rayed. *Id.* Plaintiff asked RN's and NP's to wrap her right wrist but no one did. *Id.* at 8.

When Plaintiff saw Summers in September, Summers told Plaintiff that she does not treat RLS here. *Id.* Plaintiff asked how she could not treat RLS. *Id.* Plaintiff requested visits and made grievances about Summers's denial of RLS treatment. *Id.* Plaintiff still did not have any RLS medication until October 1, 2023. *Id.* On October 2, 2023, Plaintiff saw another nurse practitioner, Pollyanne, who got her RLS medication and treated her respectfully. *Id.* Summers was fined. *Id.* at 9.

**2.3**   **Analysis**

The Court finds that Plaintiff may proceed against Summers and Doe defendants for an Eighth Amendment deliberate indifference claim for their indifference to her serious medical need. A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a plaintiff must allege facts from which the Court can infer that: (1) she had an objectively serious medical need; and (2) the defendants were deliberately indifferent towards that medical need. *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 427–28 (7th Cir. 2017); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016)). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person

Page 5 of 11
Case 2:23-cv-01358-JPS   Filed 04/03/24   Page 5 of 11   Document 18

would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Summers and Doe defendants for their failure to provide her RLS medication for months. As such, Plaintiff may proceed against Summers and Doe defendants on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Court finds that Plaintiff has not provided enough detail regarding any need for medical attention to her wrist, however. Plaintiff may later amend her complaint following the identification of any Doe defendants related to this issue going forward.

The Court also will not allow Plaintiff to proceed against any other defendants because Plaintiff has failed to state a claim against them. Plaintiff names Victoria Registered Nurse Naph Care and the Kenosha County Sheriff as defendants but makes no factual allegations against them. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). These defendants may later be added to the case if they are one of the Doe defendants who failed to provide Plaintiff her RLS medication, however, Plaintiff's current complaint fails to state a claim against them. Plaintiff may identify the Doe defendants through the course of discovery in this case.

As to Defendants Kenosha County Sheriff Department and Kenosha County Jail, these are not proper defendants. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). As to the remaining defendants, Plaintiff fails to state a claim against these entities. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). In a case against a private contractor that provides healthcare to incarcerated people, the "critical question" for liability is "whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)." *Glisson*, 849 F.3d at 379.

Here, Plaintiff does not allege any facts to state a *Monell* claim against any of the named entities. She makes no mention of the failure to train employees or any unconstitutional policy, customs, or practice. As such, the Court will dismiss the remaining defendants from this action.

3.   **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Summers and Doe defendants for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Finally, the Court acknowledges that Plaintiff filed a letter in this case regarding a missing case filing. ECF No. 17. The Court is genuinely confused as to the precise nature of Plaintiff's issue. Plaintiff has numerous cases open before this Court and it may understandably be difficult to keep track of the individual cases. Plaintiff is reminded to file all documents with the case numbers clearly identified in order to avoid any confusion going forward.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 5, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to stop federal PLRA payments from trust account, ECF No. 14, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants Naph Care Medical Services, Naph Care Medical Services Insurance Co., Summers Insurance Co. Naph Care, Victoria Registered Nurse Naph Care, Naph Care Insurance Co., Kenosha Sheriff Department, Kenosha County Sheriff, City of Kenosha, Kenosha County, and Kenosha County Jail be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this Order upon Defendant **Summers** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant Summers shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be

accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $338.33 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.