# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EDITH MAE MAY,

                Plaintiff,

v.

KATHLEEN SUMMERS and JOHN/JANE DOES,

                Defendants.

Case No. 23-CV-1358-JPS

**ORDER**

      Plaintiff Edith Mae May, an inmate confined at Taycheedah Correctional Institution ("TCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights by denying her medical care. ECF No. 1. On April 3, 2024, the Court screened Plaintiff's complaint and allowed her to proceed on an Eighth Amendment claim against Defendant Summers and Doe defendants for their deliberate indifference to Plaintiff's serious medical need. ECF No. 18 at 8. On April 29, 2024, Plaintiff filed an amended complaint. ECF No. 20. Following issues with service, on September 20, 2024, Defendant Summers filed a motion to dismiss the amended complaint. ECF No. 27. On September 25, 2024, Plaintiff filed a motion to withdraw the amended complaint, ECF No. 30, and a motion to appoint counsel, ECF No. 31.

      First, the Court will grant Plaintiff's motion to withdraw the amended complaint. The Court will instruct the Clerk of Court to strike the amended complaint, ECF No. 20, to clarify the record going forward. As such, the Court will deny as moot Defendant's motion to dismiss the amended complaint, ECF No. 27. Defendant must submit a responsive

pleading to the complaint on or before **October 31, 2024**. The Court will then issue a scheduling order in due course.

Second, the Court will deny Plaintiff's motion to appoint counsel. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) she has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking her case. If she learns that some of the lawyers she has contacted do not, she should reach out to others before she concludes that no one will help her.

Here, Plaintiff provides some evidence showing that she contacted attorneys to represent her in this matter. ECF No. 31-1 The Court finds that Plaintiff satisfies the first *Pruitt* question.

Plaintiff's request must also succeed on the second *Pruitt* question: whether the difficulty of the case exceeds her capacity to coherently present it. This assessment must be made in light of the particular capabilities and circumstances presented by each pro se litigant. *James*, 889 F.3d at 326–27. The Court of Appeals explains:

> The second step is itself grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. Ultimately, the question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. Notably, this inquiry extends beyond the trial stage of the proceedings. The relevant concern is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty. This includes all of the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.

*Id.* (citations and quotations omitted). While a court need not address every concern raised in a motion for appointment of counsel, it must address "those that bear directly" on the individual's capacity to litigate her case. *McCaa*, 893 F.3d at 1032.

Page 3 of 7
Case 2:23-cv-01358-JPS    Filed 10/10/24    Page 3 of 7    Document 33

The balancing contemplated in the second *Pruitt* step must be done against the backdrop that district courts cannot be expected to appoint counsel in circumstances which are common to all or many prisoners. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014). Doing so would place untenable burdens on court resources. It would also turn the discretion of § 1915(e)(2) on its head, making appointment of counsel the rule rather than the exception.

Several pronouncements from the Court of Appeals appear to be in tension with this principle. First, the Seventh Circuit notes that "complexity increases and competence decreases as a case proceeds to the advanced phases of litigation." *James*, 889 F.3d at 327. It deems the "[a]dvanced phases" to include those from discovery onward. *Id.*; *McCaa*, 893 F.3d at 1032. But nearly every prisoner case proceeds to discovery, as the district court applies exceedingly lenient review during initial screening.

Second, the Seventh Circuit instructs that district courts should evaluate a prisoner's competency irrespective of the involvement of a "jailhouse lawyer." *McCaa*, 893 F.3d at 1033; *Walker v. Price*, No. 17-1345, 2018 WL 3967298, at *5 (7th Cir. Aug. 20, 2018). How courts should do this is not clear. A court rarely knows whether a filing was prepared by the plaintiff or someone helping her. And if a court does know that the plaintiff is receiving help, how can it assess her ability to litigate without knowing which portions of the filings are her work, and which come from the jailhouse lawyer? In *Walker*, the court determined that the inmate's work product decreased in quality after his jailhouse lawyer was transferred to

another prison. 2018 WL 3967298, at *6. Yet a savvy prisoner, looking to secure counsel for herself, could do this on purpose, crafting her filings to downplay her own litigation capabilities. A court would have no way to assess whether the inmate is sandbagging it.

Finally, the Court of Appeals indicates that claims involving the state of mind of the defendant, such as those involving deliberate indifference, are particularly complex. *James*, 889 F.3d at 327–28; *McCaa*, 893 F.3d at 1032. Yet a government official's culpable mental state is the foundation for most constitutional claims. Indeed, it is often the defining characteristic that sets § 1983 claims apart from their state-law tort analogues. Deliberate indifference is essential to nearly all claims of cruel and unusual punishment, excessive force, mistreatment of medical needs, and First Amendment and due process violations. *See Kingsley v. Henderson*, 135 S. Ct. 2466, 2473 (2015); *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017); *Milton v. Slota*, 697 F. App'x 462, 464 (7th Cir. 2017) ("*[N]egligently* inflicted harm does not amount to a constitutional violation.") (emphasis in original). Taken together, these claims comprise the vast majority of prisoner litigation in this District. If state-of-mind issues are generally beyond the ability of most pro se litigants to prove, then a court likely would need to appoint counsel in nearly every prisoner case. This is plainly impossible.

The guiding rule has always been that appointment of counsel is the exception rather than the rule in pro se prisoner litigation. Yet a confluence of all-too-common circumstances—discovery, jailhouse lawyers, and claims concerning state of mind—militate in favor of the appointment of

counsel. As the list of reasons to appoint counsel grows, the reasons not to do so shrink. This District's resources have not kept pace.

Against this backdrop, the Court finds that Plaintiff has not presented sufficient evidence and argument showing that she cannot litigate or try this matter competently on her own. Plaintiff indicates that her case is complex, that she has limited access to the law library, and that she is only semi-knowledgeable about the law. ECF No. 31. Plaintiff further indicates that her case involves medical issues and may require an expert. ECF No. 32.

It is true, as Plaintiff intuits, that a lawyer would be helpful in navigating the legal system; trained attorneys are of course better positioned to successfully litigate cases. But Plaintiff's lack of legal training and resources brings her in line with practically every other prisoner litigating in this Court. Further, the Court will assist Plaintiff in this regard (as it does with all pro se litigants) by providing copies of the most pertinent federal and local procedural rules along with its scheduling order. Thus, ignorance of the law or court procedure is generally not a qualifying reason for appointment of counsel. In sum, Plaintiff has not demonstrated that her case is exceptional to require counsel. As such, the Court is obliged to deny Plaintiff's motion for counsel at this time. Plaintiff may renew her motion if the case proceeds past summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to withdraw the amended complaint, ECF No. 30, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **STRIKE** the amended complaint, ECF No. 20, from the docket;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the amended complaint, ECF No. 27, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant file a responsive pleading to the complaint on or before **October 31, 2024**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 31, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge